MICHAEL T. LUCEY (SBN: 099927)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
WINSOR HOUSE CONVALESCENT HOSPITAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA OF SAN FRANCISCO

| | |
|---|---|
| SELENE STEWART,<br><br>    Plaintiff,<br><br>vs.<br><br>WINSOR HOUSE CONVALESCENT HOSPITAL,<br><br>    Defendant. | CASE NO. CV 08 0613 EDL<br><br>**ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT (JURY TRIAL DEMAND)** |

COMES NOW Defendant WINSOR HOUSE CONVALESCENT HOSPITAL answering Plaintiff Selene Stewart's ("Plaintiff") Complaint for Damages ("Complaint") in accordance with the numbered paragraphs therein and demand for a jury trial:

1. Defendant has insufficient information to admit or deny the allegations in this paragraph.

2. Defendant admits the allegations in this paragraph.

3. Defendant denies the allegations in this paragraph.

4. Defendant denies the allegations in this paragraph.

5. Defendant denies the allegations in this paragraph.

6. Defendant denies the allegations in this paragraph.

7. Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies it.

8. Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies it.

9. Defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies it.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that said Complaint and each of the purported causes of action or claims for relief set forth therein fail to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that said Complaint is barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that, by reason of prior administrative adjudications, Plaintiff is barred from proceeding with this action according to the principles of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to timely and fully exhaust her administrative remedies as required by law.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that by reason of her own actions, Plaintiff is estopped from proceeding with this claim.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that said Complaint is barred by the doctrines of laches and unclean hands.

ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that its conduct, with respect to the Plaintiff, was at all times reasonable, in complete good faith, based upon good cause, and motivated solely by legitimate considerations.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to mitigate her damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts that the Complaint and each of the purported causes of action set forth therein fail to state facts sufficient to constitute a claim upon which relief may be granted because Defendant did not subject Plaintiff to any adverse employment actions as a result of any "protected activity."

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not Defendant's employee.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's complaint, including the damages prayed for herein, are barred by the doctrine of "after-acquired evidence."

WHEREFORE, Defendant prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit and attorneys' fees incurred herein;
4. For such and other further relief as this Court may deem just and proper.

Dated: 3/24/08

GORDON & REES LLP

By: _____

Attorneys for Defendant
WINSOR HOUSE CONVALESCENT HOSPITAL

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On March 31, 2008, I served the within documents:

Answer to Employment Discrimination Complaint (Jury Trial Demand)

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

Selene Stewart, Pro Se
300 Gooding Way, #343
Albany, CA 94706

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2008 at San Francisco, California.

*Marla L. Smith*