MICHAEL T. LUCEY (SBN: 099927)
MICHAEL A. LAURENSON (SBN: 190023)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
WINSOR HOUSE CONVALESCENT HOSPITAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA OF SAN FRANCISCO

| | |
|---|---|
| SELENE STEWART,<br><br>           Plaintiff,<br><br>vs.<br><br>WINSOR HOUSE CONVALESCENT HOSPITAL,<br><br>           Defendant. | CASE NO. CV 08 0613<br><br>**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  April 29, 2008<br>Time:  10:00 am<br>Ctrm:  E<br>Judge:  Laporte |

Defendant of the above-entitled action submits this Case Management Conference Statement and Proposed Order and requests the Court to adopt it as its Case Management conference Order in this case.

## DESCRIPTION OF THE CASE

**1.     UNDERLYING EVENTS**

Plaintiff SELENE STEWART worked at WINSOR HOUSE CONVALESCENT HOSPITAL on a limited number of occasions as a licensed vocational nurse through a registry, Services First Registry. An incident occurred on July 8, 2006, with a patient at WINSOR that Plaintiff attended to. Due to the incident, WINSOR informed the Registry that they no longer wished Plaintiff's services. The incident caused WINSOR to have a lawsuit filed against it and WINSOR cross-complained against Plaintiff.

Plaintiff then filed this action as an employment discrimination claim and alleges that

-1-
CMC STATEMENT, CASE NO. CV080613 EDL

SAGAR/1050076/5618788v.1

WINSOR failed to employ her and terminated her employment. Plaintiff further claims that she was discriminated against because a lawsuit was filed against her but not a female Caucasian hospice nurse that Plaintiff alleges was also involved in the incident. Plaintiff is an African American female.

**2.    FACTUAL ISSUES IN DISPUTE**

Whether Plaintiff was an employee at WINSOR.

Whether Plaintiff was subjected to discrimination based on her race and gender.

Whether Plaintiff's performance warranted WINSOR no longer requiring Plaintiff's services at WINSOR.

**3.    LEGAL ISSUES IN DISPUTE**

Whether any of Plaintiff's claims are barred by the applicable statutes of limitation.

Whether any of Plaintiff's claims are barred by her failure to exhaust her statutory administrative remedies with the Equal Employment Opportunity Commission.

Whether Plaintiff's employment status with WINSOR permits her to file a Title VII claim against it.

**4.    OTHER ISSUES WHICH REMAIN UNRESOLVED**

None to Defendant's knowledge.

**5.    UNSERVED PARTIES**

None to Defendant's knowledge.

**6.    ADDITIONAL PARTIES**

None to Defendant's knowledge.

**7.    CONSENT TO MAGISTRATE JUDGE**

Defendant consents to assignment of this case to Magistrate Judge Elizabeth D. Laporte for jury trial.

**ALTERNATIVE DISPUTE RESOLUTION**

**8.    ADR PROCESS**

Defendant is willing to participate in Early Neutral Evaluation.

**9.    OTHER INFORMATION**

1  None.

## DISCLOSURES

**10. DISCLOSURES**

Defendant served its Initial Disclosures on April 18. 2008. Defendant has not yet received Plaintiff's Initial Disclosures.

**11. DISCOVERY PLAN**

Defendant intends to comply with the limitations on discovery set forth in the Federal Rules of Civil Procedure. Defendant agrees on the following discovery cut-off dates:

Discovery Cut-Off              October 2008

Expert Discovery Cut-Off       November 2008

## TRIAL SCHEDULE

**12. TRIAL DATE**

Defendant anticipates that the case will be ready for trial in January 2009.

**13. TRIAL LENGTH**

Defendant expects that the trial will last eight to ten court days.

Dated: 4/24/08

GORDON & REES LLP

By: _____
Michael A. Laurenson
Attorneys for Defendant
WINSOR HOUSE CONVALESCENT HOSPITAL

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SAGAR/1050076/5618788v.1

-3-
CMC STATEMENT, CASE NO. CV080613 EDL

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On April 24, 2008, I served the within documents:

**DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

>   Selene Stewart, Pro Se
>   300 Gooding Way, #343
>   Albany, CA 94706

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 24, 2008 at San Francisco, California.

*Robin Wasserman* (signature)
Robin Wasserman

SAGAR/1050076/5609034v.1