MICHAEL T. LUCEY (SBN: 099927)
VAN T. NGUYEN (SBN: 199945)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for
Defendant NADHAN, INC.
Erroneously Sued As WINSOR
HOUSE CONVALESCENT HOSPITAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE STEWART,<br><br>  Plaintiff,<br><br>vs.<br><br>WINSOR HOUSE CONVALESCENT HOSPITAL,<br><br>  Defendant. | CASE NO. CV 08 0613 EDL<br><br>**FIRST AMENDED ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT** |

COMES NOW Defendant NADHAN, INC., erroneously sued as WINSOR HOUSE CONVALESCENT HOSPITAL (hereafter referred to as "Defendant") answering Plaintiff Selene Stewart's ("Plaintiff") Complaint for Damages ("Complaint") in accordance with the numbered paragraphs therein:

  1.   Answering paragraph 1, Defendant has insufficient information to admit or deny the allegations in this paragraph.

  2.   Answering paragraph 2, Defendant admits the allegations in this paragraph.

  3.   Paragraph 3 does not contain factual allegations.

  4.   Answering paragraph 4, based on the manner in which the third paragraph is pled in the complaint, Defendant is unable to admit or deny the allegations contained therein, and basing its answer on that ground, denies generally and specifically, each and all of the allegations contained therein.

5. Answering paragraph 5, Defendant denies the allegations in this paragraph.

6. Answering paragraph 6, Defendant admits that Plaintiff had worked for Winsor though a registry, but denies generally and specifically, each and all of the remaining allegations in this paragraph.

7. Answering paragraph 7, Defendant denies the allegations in this paragraph.

8. Answering paragraph 8, Defendant has insufficient information to admit or deny the allegations in this paragraph.

9. Answering paragraph 9, Defendant has insufficient information to admit or deny the allegations in this paragraph.

10. Paragraph 10 does not contain factual allegations.

11. Paragraph 11 does not contain factual allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

Plaintiff's complaint fails to allege facts sufficient to state a cause of action or claims for relief against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Barred by Statutes of Limitations)

Defendant alleges that the complaint and each of its purported causes of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, 343 and California Government Code sections 12960 and 12965(b).

### THIRD AFFIRMATIVE DEFENSE
(Failure to Exhaust Collective Bargaining and/or Administrative and Judicial Exhaustion Remedies)

Defendant is informed and believe, and thereon allege, that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to exhaust collective bargaining and/or administrative and judicial exhaustion remedies.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FOURTH AFFIRMATIVE DEFENSE**
(Scope of Administrative Charge)

The Court lacks subject matter jurisdiction over all claims and allegations in the Complaint that are not contained in, exceed, or differ from plaintiff's charge of discrimination filed with the DFEH and/or the EEOC.

**FIFTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

Defendant is informed and believes that Plaintiff has failed to mitigate the purported damages alleged in the complaint. Therefore, Plaintiff's alleged damages must be barred entirely or reduced in proportion to Plaintiff's failure to mitigate.

**SIXTH AFFIRMATIVE DEFENSE**
(Comparative Negligence)

Defendant is informed and believes that the circumstances described in the complaint, and whatever injuries or damages, if any, Plaintiff allegedly suffered by reason thereof, were proximately caused and contributed to, in whole or in part, by the negligence or intentional misconduct of Plaintiff. Therefore, Plaintiff's recovery, if any, must be reduced, in whole or in part, by the proportion of her own negligence or barred by her intentional misconduct.

**SEVENTH AFFIRMATIVE DEFENSE**
(Comparative Negligence of Third Parties)

Defendant is informed and believes that whatever injuries or damages, if any, that Plaintiff allegedly suffered were proximately caused and contributed to, in whole or in part, by the negligence or intentional misconduct of others. Therefore, Plaintiff's recovery against this answering Defendant, if any, must be reduced, in whole or in part, by the proportion of the negligence of said others or barred by her intentional misconduct.

### EIGHTH AFFIRMATIVE DEFENSE
(Plaintiff Failed to Take advantage of Preventive or Corrective Opportunities)

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive or remedial mechanisms for reporting and resolving claims, or to otherwise avoid harm.

### NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's claims are barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Waiver of Claims)

Plaintiff, by her acts, conduct and omissions, has waived the claims alleged in the complaint and each cause of action stated therein.

### ELEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff, by her acts, conduct and omissions is estopped from asserting the claims alleged in the complaint and each cause of action stated therein.

### TWELFTH AFFIRMATIVE DEFENSE
(Privilege/Justification)

Defendant's conduct was at all times justified and/or privileged.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Laches)

Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

Defendant alleges that all of its actions were taken in good faith in reliance on the reasonable belief that they were lawful, and/or were based on non-discriminatory employment decisions.

### FIFTEENTH AFFIRMATIVE DEFENSE
(After Acquired Evidence)

Defendant alleges that this action may be barred and/or Defendant's liability may be limited by after-acquired evidence of Plaintiff's misconduct.

### FURTHER AFFIRMATIVE DEFENSES
(Reservation of Defenses)

Additional affirmative defenses may be available to this answering Defendant. Defendant will move to amend their answer to allege such additional affirmative defenses after they have been fully ascertained and can be pleaded.

WHEREFORE, Defendant prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit and attorneys' fees incurred herein;
4. For such and other further relief as this Court may deem just and proper.

Dated: May 14, 2008                     GORDON & REES LLP


By:   /s/ Van T. Nguyen
       VAN T. NGUYEN
       Attorneys for Defendant
       NADHAN, INC. Erroneously Sued As
       WINSOR HOUSE CONVALESCENT HOSPITAL

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On May 14, 2008, I served the within documents:

FIRST AMENDED ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

Selene Stewart, Pro Se
300 Gooding Way, #343
Albany, CA 94706

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 14, 2008 at San Francisco, California.

/s/ Faith Harris
_____
Faith Harris

*Selene Stewart v. Winsor House Convalescent Hospital*
U.S. District Court Case No. CV 08 0613

FIRST AMENDED ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT