1  MICHAEL T. LUCEY (SBN: 099927)
   VAN T. NGUYEN (SBN: 199945)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant NADHAN, INC.
6  Erroneously Sued as WINSOR
   HOUSE CONVALESCENT HOSPITAL
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11
   SELENE STEWART,                    )   CASE NO. CV 08 0613 EDL
12                                    )
                    Plaintiff,        )   **NOTICE OF MOTION AND MOTION
13                                    )   TO COMPEL AND REQUEST FOR
       vs.                            )   SANCTIONS; MEMORANDUM OF
14                                    )   POINTS AND AUTHORITIES**
   WINSOR HOUSE CONVALESCENT          )
15 HOSPITAL,                          )   Date:     August 5, 2008
                                      )   Time:     9:00 a.m.
16                  Defendant.        )   Courtroom: E, 15th Floor
                                      )
17                                    )   Accompanying Papers: Declaration of Van
                                      )   T. Nguyen; (Proposed) Order
18                                    )

19
            TO PLAINTIFF SELENE STEWARD:
20
            PLEASE TAKE NOTICE that Defendant NADHAN, INC. erroneously sued as Winsor
21
   House Convalescent Hospital, will and hereby does move this Court for an Order compelling
22
   Plaintiff to respond to written discovery and to submit to deposition.
23
            This motion is based upon this Notice of Motion, the Memorandum of Points and
24
   Authorities in Support thereof, and Declaration of Van T. Nguyen, filed herewith, the pleadings,
25
   files, and records, and upon such oral and/or documentary evidence as may be presented at the
26
   time of the hearing of this motion.
27
            This motion will be made on the grounds that the defendant properly served written
28

discovery to Plaintiff and timely noticed Plaintiff's deposition. Plaintiff simply refused to respond to the written discovery and called Defendant's counsel two hours before her deposition was scheduled to commence and informed Defendant's counsel that she would not be appearing because she was not ready.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant moves this court for an order compelling Plaintiff to respond to written discovery, submit for deposition, and to pay sanctions to Defendant. This court previously ordered the parties to complete expedited discovery on the limited issues of employment status and statute of limitations in order for Defendant to file a motion for summary judgment. Pursuant to the Court's case management order's strict deadlines, Defendant served Plaintiff with limited discovery and set Plaintiff's deposition for June 20, 2008. One week later, Defendant's counsel met with Plaintiff and reminded her about the requirement that Plaintiff respond completely and in a timely fashion to the written discovery. Despite the reminder and the legal obligation to respond, Plaintiff failed to provide any written responses or explanation for this failure. Thereafter, two hours before her deposition was set to commence, Plaintiff contacted Defendant and informed Defendant that she would not be attending the deposition because she was not up for it.

In order to avoid further waste of time associated with demanding discovery responses to which Defendant is clearly entitled, Defendant seeks an Order from this Court compelling Plaintiff to provide responses to Defendants' Special Interrogatories and Requests for Production and to compel Plaintiff to submit to deposition.

Plaintiff's refusal to cooperate with the discovery process has cost Defendant time and money, has wasted judicial resources and insults the intent of the Discovery Act. Therefore, Defendant also seeks an order requiring Plaintiff to pay sanctions for this abuse of the discovery process.

## II. RELEVANT FACTS

Defendant NADHAN, INC. ("Defendant") served Plaintiff SELENE STEWART ("Plaintiff") with Special Interrogatories and Request for Production of Documents on May 14, 2008. (See special interrogatories set one, attached to Nguyen Declaration "Nguyen Dec." as Exhibit 1; request for production of documents set one, attached to Nguyen Dec. as Exhibit 2; and Nguyen Dec. ¶ 2-4.) One week later, on or about May 20, 2008, Plaintiff came to Defendant's counsel's office and hand served her long overdue complaint and initial disclosures.[1] (Nguyen Dec. ¶ 5.) At that time, Defendant reminded Plaintiff that she must respond to the written discovery because timely responses were necessary in order for Defendant to properly prepare for her deposition that had been noticed for June 20, 2008. (Nguyen Dec. ¶ 6.) Defendant's counsel explained that there would be a court reporter present and if she could not make the date, to let him know as soon as possible. (*Id.*) Plaintiff appeared confused as to the date of the deposition and Defendant's counsel indicated that he would send her an amended notice of deposition which would set forth the date and time of the deposition. (Nguyen Dec. ¶ 7.)

On or about May 28, 2008, Defendant's counsel timely served on Plaintiff an amended notice of deposition with production of documents setting Plaintiff's deposition for 1:00 pm, Friday, June 20, 2008 – the same date as the original notice of deposition. (Nguyen Dec. ¶ 8; amended notice of deposition with production of documents, attached to Nguyen Dec. as Exhibit 3.)

Plaintiff's responses to written discovery were due Monday, June 16, 2008, but no responses were received. (Nguyen Dec. ¶ 9.) At approximately 11:00 am on Friday, June 20, 2008, two hours before her deposition was set to commence, Plaintiff contacted Defendant's counsel and informed him that she would not be attending the deposition because she "was not up for it." (Nguyen Dec. ¶ 10.) Plaintiff acknowledged to Defendant's counsel that she probably

---

[1] However, due to Plaintiff's failure to serve the documents, Defendant previously incurred the expense of sending someone down to the court to make a copy of the complaint and initial disclosures. The copy that Plaintiff delivered is different than the documents filed with the court.

-3-

Not of Mot and Mot to Compel Written Discovery Responses and Submit to Deposition and Request for Sanctions

should have contacted Defendant's counsel earlier in the week. (*Id.*) Defendant's counsel attempted to meet and confer with her regarding the overdue discovery responses and the importance of the deposition in light of the court's case management order. Plaintiff stated that she was not prepared for the deposition and wanted to wait until she had an attorney. (Nguyen Dec. ¶ 11.) Although Plaintiff represented that she was close to getting a court appointed attorney, Defendant's counsel had been on the mandatory joint telephone conference with the court's designee, Daniel Bolling, who had indicated that he did not feel it was at all likely that they would be able to locate an attorney for her. (Nguyen Dec. ¶ 12.) However, Defendant's counsel attempted to explain that Plaintiff had to meet her discovery obligations whether or not she had an attorney unless she requested from the court an order to stay discovery. (Nguyen Dec. ¶ 13.) Defendant's counsel met and conferred with Plaintiff for almost a half hour. (Nguyen Dec. ¶ 14.)

After it was clear that further discussion would not be fruitful, Defendant's counsel indicated that he would file a motion with the court and also explained to Plaintiff how that process worked. (Nguyen Dec. ¶ 15.) Plaintiff indicated that she was going to court today and that she would call Defendant's counsel with whatever she learned. (Nguyen Dec. ¶ 16.) Defendant's counsel did not hear from Plaintiff and has received no messages from her since then. (Nguyen Dec. ¶ 17.)

### III.  LEGAL ARGUMENT

**A.  Plaintiff Should Be Compelled to Respond to Defendant's Special Interrogatories and Request for Production of Documents**

**1.  Plaintiff Completely Failed to Respond to Defendant's Written Discovery And All Objections Are Therefore Waived**

Pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 33(b)(2) and 34(b)(2)(A) a response to interrogatories and requests for production of documents are due within thirty (30) days from the date the discovery was served. That date is extended by three (3) days when the discovery is served by mail. Failing to respond to a Rule 34 request within the time permitted

-4-
Not of Mot and Mot to Compel Written Discovery Responses and Submit to Deposition and Request for Sanctions

waives all objections thereto – including claims of privilege and work product. (*Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473, (9th Cir. 1992) ["Failure to object to discovery requests within the time required constitutes a waiver of any objection."])

Here, Plaintiff's responses to Defendants' written discovery was due no later than June 16, 2008. To date, however, Plaintiff has completely failed to provide any responses. (Nguyen Dec. ¶ 9.) Accordingly, Plaintiff's objections are waived.

### 2. Defendant Met and Conferred with Plaintiff to No Avail.

Even before Plaintiff failed to comply with her discovery obligations, on May 20, 2008, Defendant's counsel explicitly communicated to Plaintiff the importance of both receiving complete and thorough discovery responses and receiving them in a timely manner in order to avoid jeopardizing the scheduled deposition. (Nguyen Dec. ¶ 5.) On June 16, 2008, Plaintiff's responses to the written discovery were due. Plaintiff failed to provide any discovery responses and gave no indication if any discovery responses were forthcoming at a later date.

On June 20, 2008, two hours before her scheduled deposition, Plaintiff informed Defendant's attorney that she would not appear for the deposition. Defendant's counsel attempted to persuade Plaintiff to appear for the deposition, but was unsuccessful. Defendant's counsel also discussed the overdue discovery responses with Plaintiff. Plaintiff continued to state that she would not do anything until after she obtained an attorney, even though she admitted that she had been trying (unsuccessfully) to obtain representation for sometime.

Plaintiff completely failed to respond to Defendants' written discovery within the statutory time limit. Consequently, Defendant was not required to make an attempt at informal resolution before filing the instant motion. Regardless, Defendant met and conferred and requested that Plaintiff provide discovery responses and submit for deposition prior to filing the instant motion. Accordingly, the instant motion should be granted.

### B. Defendant Should Be Awarded Monetary Sanctions for Plaintiff's Interference with the Discovery Process

Plaintiff's refusal to comply with discovery obligations and last minute cancellation of

-5-
Not of Mot and Mot to Compel Written Discovery Responses and Submit to Deposition and Request for Sanctions

her deposition with no offer to prepare responses or submit for deposition until after she obtained representation has directly interfered with the discovery process, warranting sanctions. (FRCP Rule 37(a)(5); *Reygo Pac. Corp. v. Johnston Pump Co.* 680 F.2d 647, 649, (9th Cir. 1982).

In failing to respond to Defendant's discovery, Plaintiff has deprived Defendant of information relevant to her alleged claims and damages. As a result, Defendant has been deprived of its statutory right to perform further discovery based on the information that will be elicited from those responses.

Further, Plaintiff has caused Defendant to incur unnecessary expense. Plaintiff's failure to cooperate with the discovery process has forced Defendant to jump through an unnecessary hoop to obtain discovery to which it is clearly entitled. Bringing this motion will cost Defendant approximately $1,000.00 (including time for preparation of the motion and supporting papers, time Defendant anticipates will be spent preparing a reply brief and appearance at the hearing in court). (Nguyen Dec. at ¶ 18.) These expenses clearly would not have been incurred had Plaintiff simply cooperated in the discovery process. At the time of the filing of the instant motion, Defendant has not yet been billed by the court reporter firm for cancelling the court reporter with less than two hours notice. However, this cost can be provided in Defendant's Reply brief or at the hearing.

Accordingly, Defendant requests that the Court sanction Plaintiff for Plaintiff's failure to comply with her discovery obligations.

## IV.  CONCLUSION

For the foregoing reasons, Defendant requests that this Court order Plaintiff to provide complete responses to Defendant's Special Interrogatories and Request for Production of Documents, within ten (10) days of the hearing of this motion and that sanctions be awarded in

///

1  the amount specified in the Nguyen Declaration.

2  Dated: 6/24, 2008     GORDON & REES LLP

By: _____
VAN T. NGUYEN
Attorneys for Defendant
NADHAN, INC. Erroneously Sued as
WINSOR HOUSE CONVALESCENT
HOSPITAL