

MICHAEL T. LUCEY  (SBN:  099927)
VAN T. NGUYEN (SBN:  199945)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant NADHAN, INC.
Erroneously Sued as WINSOR
HOUSE CONVALESCENT HOSPITAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SELENE STEWART, | ) | CASE NO. CV 08 0613 EDL |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF VAN T. NGUYEN** |
| | ) | **IN SUPPORT OF DEFENDANTS'** |
| vs. | ) | **MOTION TO COMPEL REQUEST FOR** |
| | ) | **SANCTIONS** |
| WINSOR HOUSE CONVALESCENT | ) | |
| HOSPITAL, | ) | |
| | ) | Accompanying Papers:  Notice of Motion |
| Defendant. | ) | and Motion to Compel; Memorandum of |
| | ) | Points and Authorities; (Proposed) Order |
| | ) | |

I, Van T. Nguyen, declare:

1.     I am an attorney at law licensed to practice law before this court and all courts in

the State of California and am a senior counsel in the law firm of Gordon & Rees, LLP, attorneys

for Defendant NADAN, INC. (herein referred to as "Defendant").  I have personal knowledge of

the matters contained in this declaration and if called to testify to them, could and would do so

competently.

2.     On May 14, 2008, Defendant served Plaintiff SELENE STEWART ("Plaintiff")

with Special Interrogatories and Request for Production of Documents.

3.     Attached hereto as <u>Exhibit 1</u>, is a true and correct copy of Defendant's Special

Interrogatories, Set One.

-1-

Declaration of Van T. Nguyen in Support of Motion to Compel and Request for Sanctions

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

4.    Attached hereto as Exhibit 2, is a true and correct copy of Defendant's Requests for Production of Documents, Set One.

5.    One week later, on or about May 20, 2008, Plaintiff came to Defendant's counsel's office and hand served her long overdue complaint and initial disclosures.

6.    At that time, I reminded Plaintiff that she must respond to the written discovery because timely responses were necessary in order for Defendant to properly prepare for her deposition that had been noticed for June 20, 2008.  I explained that there would be a court reporter present and if she could not make the date to let me know as soon as possible.

7.    Plaintiff appeared confused as to the date of the deposition and I indicated that I would send her an amended notice of deposition which would set forth the date and time of the deposition.

8.    On or about May 28, 2008, I had timely served on Plaintiff an amended notice of deposition with production of documents setting Plaintiff's deposition for 1:00 pm, Friday, June 20, 2008 – the same date as the original notice of deposition.  Attached hereto as Exhibit 3, is a true and correct copy of the amended notice of deposition with request for production of documents setting Plaintiff's deposition for 1:00 p.m. Friday, June 20, 2008.

9.    Plaintiff's responses to written discovery were due Monday, June 16, 2008, but no responses were received by my office.

10.    At approximately 11:00 am on Friday, June 20, 2008, two hours before her deposition was set to commence, Plaintiff contacted me and informed me that she would not be attending the deposition because she "was not up for it."  Plaintiff acknowledged that she probably should have contacted me earlier in the week to let me know that she would not appear.

11.    During this conversation, I attempted to meet and confer with her regarding the overdue discovery responses and the importance of the deposition in light of the court's case management order.  Plaintiff stated that she was not prepared for the deposition and wanted to wait until she had an attorney.

12.    Although Plaintiff represented that she was close to getting a court appointed attorney, I had been on the joint telephone conference with the court's designee, Daniel Bolling,

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-2-

1  who had indicated that he did not feel it was at all likely that they would be able to locate an

2  attorney for her.

3      13.    However, I attempted to explain that Plaintiff had to meet her discovery

4  obligations whether or not she had an attorney unless she requested from the court an order to

5  stay discovery.

6      14.    I met and conferred with Plaintiff for almost a half hour.

7      15.    After it was clear that further discussion would not be fruitful, I informed Plaintiff

8  that I would file a motion with the court and also explained to Plaintiff how that process worked.

9      16.    Plaintiff indicated that she was going to court that day and that she would call to

10  inform me about whatever she learned.

11      17.    I did not hear from Plaintiff and have not received any messages from her since

12  then.

13      18.    Plaintiff has caused Defendant to incur unnecessary expense. Plaintiff's failure to

14  cooperate with the discovery process has forced Defendant to jump through an unnecessary hoop

15  to obtain discovery to which it is clearly entitled. Bringing this motion will cost Defendant

16  approximately $1,000.00 (including time for preparation of the motion and supporting papers,

17  time Defendant anticipates will be spent preparing a reply brief and appearance at hearing in

18  court). At the time of the filing of the instant motion, Defendant has not yet been billed by the

19  court reporter firm for cancelling the court reporter with less than two hours notice. However,

20  this cost can be provided in Defendant's Reply brief or at the hearing.

21      19.    Immediately before filing these papers I was given notice that Plaintiff filed an

22  amended complaint and some type of request for protective order. I was not served with these

23  papers and have no further knowledge of these documents.

24  Dated: _6/24_ , 2008                GORDON & REES LLP

25

26                    By: _Van Nguyen_

27                        VAN T. NGUYEN
                         Attorneys for Defendant
28                        WINSOR HOUSE CONVALESCENT
                         HOSPITAL

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-3-

EXHIBIT 1

1  MICHAEL T. LUCEY (SBN: 099927)
   VAN T. NGUYEN (SBN: 199945)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  NADHAN, INC.
   Erroneously Sued As WINSOR
7  HOUSE CONVALESCENT HOSPITAL

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 SELENE STEWART,                    )  CASE NO. CV 08 0613  EDL
                                      )
12            Plaintiff,              )  **SPECIAL INTERROGATORIES**
                                      )
13    vs.                             )
                                      )
14 WINSOR HOUSE CONVALESCENT HOSPITAL,)
                                      )
15            Defendant.              )
                                      )
16 ─────────────────────────────────────

   PROPOUNDING PARTY:   Defendant NADHAN, INC. Erroneously Sued As
17                      WINSOR HOUSE CONVALESCENT HOSPITAL

18 RESPONDING PARTY:    Plaintiff SELENE STEWART

19 SET NUMBER:          ONE

20      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant NADHAN, INC.,

21 Erroneously Sued As WINSOR HOUSE CONVALESCENT HOSPITAL ("Defendant")

22 propounds the following interrogatories to Plaintiff SELENE STEWART.

23                         **INTERROGATORIES**

24 **SPECIAL INTERROGATORY NO. 1:**

25      If you contend that you were employed by Nadhan, Inc. dba Winsor House Convalescent

26 Hospital in the summer of 2006, please state all facts that support your contention.

27

28
                                  -1-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**SPECIAL INTERROGATORY NO. 2:**

If you contend that you were employed by Nadhan, Inc. dba Winsor House Convalescent Hospital in the summer of 2006, please identify all witnesses that support your contention.

**SPECIAL INTERROGATORY NO. 3:**

If you contend that you were employed by Nadhan, Inc. dba Winsor House Convalescent Hospital in the summer of 2006, please identify all documents that support your contention.

**SPECIAL INTERROGATORY NO. 4:**

If you contend that you were terminated by Nadhan, Inc. dba Winsor House Convalescent Hospital in early August 2006, please state all facts that support your contention.

**SPECIAL INTERROGATORY NO. 5:**

If you contend that you were terminated by Nadhan, Inc. dba Winsor House Convalescent Hospital in early August 2006, please identify all witnesses that support your contention.

**SPECIAL INTERROGATORY NO. 6:**

If you contend that you were terminated by Nadhan, Inc. dba Winsor House Convalescent Hospital in early August 2006, please identify all documents that support your contention.

**SPECIAL INTERROGATORY NO. 7:**

Please set forth (your best estimate if you cannot recall the specific date) the last date you were employed with Nadhan, Inc. dba Winsor House Convalescent Hospital.

**SPECIAL INTERROGATORY NO. 8:**

Please identify each and every employer you were employed with in 2007.

**SPECIAL INTERROGATORY NO. 9:**

For each employer you were employed with in 2007, please set forth dates you were employed with that employer.

**SPECIAL INTERROGATORY NO. 10:**

Please identify each employer who provided you with a W-2 Wage and Tax Statement in 2007.

SPECIAL INTERROGATORIES, SET ONE

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**SPECIAL INTERROGATORY NO. 11:**

Please identify each and every employer you were employed with in 2006.

**SPECIAL INTERROGATORY NO. 12:**

For each employer you were employed with in 2006, please set forth dates you were employed with that employer.

**SPECIAL INTERROGATORY NO. 13:**

Please identify each employer who provided you with a W-2 Wage and Tax Statement in 2006.

**SPECIAL INTERROGATORY NO. 14:**

Please identify each and every employer you were employed with in 2005.

**SPECIAL INTERROGATORY NO. 15:**

For each employer you were employed with in 2005, please set forth dates you were employed with that employer.

**SPECIAL INTERROGATORY NO. 16:**

Please identify each employer who provided you with a W-2 Wage and Tax Statement in 2005.

**SPECIAL INTERROGATORY NO. 17:**

Please identify each and every employer you were employed with in 2004.

**SPECIAL INTERROGATORY NO. 18:**

For each employer you were employed with in 2004, please set forth dates you were employed with that employer.

**SPECIAL INTERROGATORY NO. 19:**

Please identify each employer who provided you with a W-2 Wage and Tax Statement in 2004.

Dated: May 1, 2008

GORDON & REES LLP

By: _Van Nguyen_
VAN T. NGUYEN
Attorneys for Defendant NADHAN, INC.
Erroneously Sued As
WINSOR HOUSE CONVALESCENT HOSPITAL

-3-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On May 14, 2008, I served the within documents:

**SPECIAL INTERROGATORIES**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

> Selene Stewart, Pro Se
> 300 Gooding Way, #343
> Albany, CA 94706

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 14, 2008 at San Francisco, California.

_Faith Harris_
Faith Harris

*Selene Stewart v. Winsor House Convalescent Hospital*
U.S. District Court Case No. CV 08 0613

-4-

SPECIAL INTERROGATORIES, SET ONE

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SAGAR/1050076/5651042v.1

EXHIBIT 2

1  MICHAEL T. LUCEY  (SBN:  099927)
   VAN T. NGUYEN (SBN:  199945)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA  94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  NADHAN, INC.
   Erroneously Sued AS WINSOR
7  HOUSE CONVALESCENT HOSPITAL

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  SELENE STEWART,                     )  CASE NO. CV 08 0613 EDL
                                        )
12                    Plaintiff,        )  **REQUEST FOR PRODUCTION OF**
                                        )  **DOCUMENTS TO PLAINTIFF**
13        vs.                           )
                                        )
14  WINSOR HOUSE CONVALESCENT HOSPITAL, )  Date:
                                        )  Time:
15                    Defendant.        )  Dept:
                                        )  Judge:
16  ──────────────────────────────────────

17  PROPOUNDING PARTY:   Defendant NADHAN, INC., Erroneously Sued As
                         WINSOR HOUSE CONVALESCENT HOSPITAL

18  RESPONDING PARTY:    Plaintiff SELENE STEWART

19  SET NUMBER:          ONE

20        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant NADHAN, INC.,

21  Erroneously Sued As WINSOR HOUSE CONVALESCENT HOSPITAL ("Defendant")

22  propounds the following document requests to Plaintiff SELENE STEWART.  Responding party

23  is to respond to this request for production within thirty (30) days.

24                       <u>DOCUMENT REQUESTS</u>

25

26  **REQUEST NO. 1:**

27        Please produce all documents that support your contention that you were employed by

28  NADHAN, INC. (dba Windsor House Convalescent Hospital) in the summer of 2006.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SAGAR/1050076/5651123v.1

REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**REQUEST NO. 2:**

2          Please produce all documents that support your contention that you were terminated by

3    NADHAN, INC. (dba Windsor House Convalescent Hospital) in early August 2006.

4    **REQUEST NO. 3:**

5          Please produce all documents that support your contention that you were terminated by

6    NADHAN, INC. (dba Windsor House Convalescent Hospital) at any time.

7    **REQUEST NO. 4:**

8          Please produce all your pay stubs from NADHAN, INC. (dba Windsor House

9    Convalescent Hospital).

10   **REQUEST NO. 5:**

11         Please produce all your pay stubs from any and all of the employers you worked for in

12   2007.

13   **REQUEST NO. 6:**

14         Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House

15   Convalescent Hospital) for your work in 2007, if you received one.

16   **REQUEST NO. 7:**

17         Please produce your W-2 forms from each employer you were employed by in 2007.

18   **REQUEST NO. 8:**

19         Please produce all your pay stubs from any and all of the employers you worked for in

20   2006.

21   **REQUEST NO. 9:**

22         Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House

23   Convalescent Hospital) for your work in 2006.

24   **REQUEST NO. 10:**

25         Please produce your W-2 forms from each employer you were employed by in 2006.

26   **REQUEST NO. 11:**

27         Please produce all your pay stubs from any and all of the employers you worked for in

28   2005.

-2-

REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE

**REQUEST NO. 12:**

Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House Convalescent Hospital) for your work in 2005.

**REQUEST NO. 13:**

Please produce your W-2 forms from each employer you were employed by in 2005.

**REQUEST NO. 14:**

Please produce all your pay stubs from any and all of the employers you worked for in 2004.

**REQUEST NO. 15:**

Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House Convalescent Hospital) for your work in 2004.

**REQUEST NO. 16:**

Please produce your W-2 forms from each employer you were employed by in 2004.

Dated: May 14, 2008                    GORDON & REES LLP

By: _____
VAN T. NGUYEN
Attorneys for Defendant NADHAN, INC.,
Erroneously Sued As
WINSOR HOUSE CONVALESCENT HOSPITAL

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA  94111.  On May 14, 2008, I served the within documents:

**REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

> Selene Stewart, Pro Se
> 300 Gooding Way, #343
> Albany, CA 94706

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 14, 2008 at San Francisco, California.

Faith Harris

*Selene Stewart v. Winsor House Convalescent Hospital*
U.S. District Court Case No. CV 08 0613

-4-

REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

SAGAR/1050076/5651042v.1

EXHIBIT 3

1  MICHAEL T. LUCEY  (SBN:  099927)
   VAN T. NGUYEN (SBN:  199945)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA  94111
4  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
5
   Attorneys for Defendant
6  WINSOR HOUSE CONVALESCENT HOSPITAL

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  SELENE STEWART,                    )  CASE NO. CV 08 0613
                                       )
12                  Plaintiff,         )  **AMENDED NOTICE OF TAKING**
                                       )  **DEPOSITION OF PLAINTIFF**
13        vs.                          )  **SELENE STEWART AND**
                                       )  **REQUEST FOR PRODUCTION OF**
14  WINSOR HOUSE CONVALESCENT HOSPITAL,)  **DOCUMENTS AT DEPOSITION**
                                       )
15                  Defendant.         )
                                       )
16  ─────────────────────────────────

17

       TO PLAINTIFF AND HER ATTORNEY OF RECORD:
18
       PLEASE TAKE NOTICE that on Friday, June 20, 2008 at 1:00 p.m. and continuing from
19
   day to day thereafter, excluding Saturdays, Sundays and holidays, until completed, Defendant
20
   WINSOR HOUSE CONVALESCENT HOSPITAL will take the deposition of Plaintiff SELENE
21
   STEWART.  The deposition will take place at the Law Offices of Gordon & Rees, LLP, 275
22
   Battery St., 20th Floor, San Francisco, CA 94111.
23
       PLEASE TAKE FURTHER NOTICE THAT  the deponent, who is a party to this action,
24
   is required to produce at the deposition the documents, records or other materials described
25
   below:
26

27

28                                    -1-
   ─────────────────────────────────────────────────────────────
   AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFF AND REQUEST FOR PRODUCTION OF
                           DOCUMENTS AT DEPOSITION

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 **REQUEST NO. 1:**

2   Please produce all documents that support your contention that you were employed by

3 NADHAN, INC. (dba Windsor House Convalescent Hospital) in the summer of 2006.

4 **REQUEST NO. 2:**

5   Please produce all documents that support your contention that you were terminated by

6 NADHAN, INC. (dba Windsor House Convalescent Hospital) in early August 2006.

7 **REQUEST NO. 3:**

8   Please produce all documents that support your contention that you were terminated by

9 NADHAN, INC. (dba Windsor House Convalescent Hospital) at any time.

10 **REQUEST NO. 4:**

11   Please produce all your pay stubs from NADHAN, INC. (dba Windsor House

12 Convalescent Hospital).

13 **REQUEST NO. 5:**

14   Please produce all your pay stubs from any and all of the employers you worked for in

15 2007.

16 **REQUEST NO. 6:**

17   Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House

18 Convalescent Hospital) for your work in 2007, if you received one.

19 **REQUEST NO. 7:**

20   Please produce your W-2 forms from each employer you were employed by in 2007.

21 **REQUEST NO. 8:**

22   Please produce all your pay stubs from any and all of the employers you worked for in

23 2006.

24 **REQUEST NO. 9:**

25   Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House

26 Convalescent Hospital) for your work in 2006.

27

28

-2-

1    **REQUEST NO. 10:**

2        Please produce your W-2 forms from each employer you were employed by in 2006.

3    **REQUEST NO. 11:**

4        Please produce all your pay stubs from any and all of the employers you worked for in

5    2005.

6    **REQUEST NO. 12:**

7        Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House

8    Convalescent Hospital) for your work in 2005.

9    **REQUEST NO. 13:**

10        Please produce your W-2 forms from each employer you were employed by in 2005.

11    **REQUEST NO. 14:**

12        Please produce all your pay stubs from any and all of the employers you worked for in

13    2004.

14    **REQUEST NO. 15:**

15        Please produce the W-2 form you received from NADHAN, INC. (dba Windsor House

16    Convalescent Hospital) for your work in 2004.

17    **REQUEST NO. 16:**

18        Please produce your W-2 forms from each employer you were employed by in 2004.

19

20

21    Dated: May 28, 2008                    GORDON & REES LLP

22

23                                        By: _____
                                               VAN T. NGUYEN
24                                             Attorneys for Defendant
                                               WINSOR HOUSE CONVALESCENT HOSPITAL
25

26

27

28                                          -3-

_____
AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFF AND REQUEST FOR PRODUCTION OF
                        DOCUMENTS AT DEPOSITION

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA  94111.  On May 2̲7̲, 2008, I served the within documents:

**AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFF SELENE STEWART AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

> Selene Stewart, Pro Se
> 300 Gooding Way, #343
> Albany, CA 94706

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 2̲7̲ 2008 at San Francisco, California.

_Faith Harris_
Faith Harris

_Selene Stewart v. Winsor House Convalescent Hospital_
U.S. District Court Case No. CV 08 0613

-4-

AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFF AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111