Case 3:08-cv-00613-EDL     Document 37     Filed 08/05/2008     Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE STEWART, | No. C-08-00613 EDL |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL; DENYING SANCTIONS; DENYING APPLICATION FOR ASSISTED MEDIATION; DENYING "MOTION FOR PROTECTION"** |
| v. | |
| WINSOR HOUSE CONVALESENT HOSPITAL, | |
| Defendant. | |

Defendant Nadhan, Inc., erroneously sued as Winsor House, moves for an order compelling Plaintiff to respond to written discovery and to submit to deposition and to pay sanctions to Defendant. The Court previously ordered the parties to complete expedited discovery on the limited issues of employment status and statute of limitations in order for Defendant to file a motion for summary judgment. Defendant's Motion to Compel is GRANTED and its request for sanctions is DENIED.

On May 14, 2008, Defendant served Plaintiff with written discovery requests (for documents and interrogatories) and set her deposition for June 20, 2008. Defendant reminded Plaintiff in person on May 20, 2008 about her duty to respond to the discovery requests and attend the deposition. When Plaintiff appeared confused about the deposition date, Defendant's counsel served on her an amended deposition notice, with the date and time set for June 20, 2008 at 1:00 pm (the same date and time set forth in the original notice).

1    Discovery responses were due on June 16, 2008. Plaintiff failed to provide any written
2 response or explanation , and called two hours before her deposition was set to commence to tell
3 Defendant that she would not be attending the deposition. After Plaintiff cancelled her deposition,
4 defense counsel tried to meet and confer with her about her overdue discovery responses.
5 Ultimately, Defendant filed this motion after Plaintiff failed to comply with her discovery
6 obligations.

7    Plaintiff is hereby ORDERED to attend her deposition, and she must do so no later than
8 **August 19, 2008** or at a date mutually agreed to by the parties**.** As for the interrogatories and
9 document requests, Plaintiff must respond to these no later than **August 19, 2008**, as these requests
10 are relevant to the limited discovery issues discussed at the case management conference. While
11 Plaintiff filed what appear to be some responses to the interrogatories and document requests with
12 the Court, Plaintiff must serve any and all responses to Defendant's discovery requests upon
13 Defendant. It also appears that the discovery responses filed by Plaintiff are incomplete. While the
14 Court is not granting sanctions, Plaintiff is warned that she may not simply ignore Defendant's
15 discovery requests. Should she fail to respond to Defendant's deposition notices and discovery
16 requests in the future, the Court may sanction her, up to and possibly including dismissal of her case.

17    IT IS FURTHER ORDERED that Plaintiff's application for assisted mediation is DENIED.
18 The Court is of the opinion that it will be most productive for Plaintiff to participate in a settlement
19 conference before a magistrate judge, and the Court has referred this case to a different magistrate
20 judge for a settlement conference. However, the Court is not appointing counsel for Plaintiff for that
21 settlement conference.

22    Finally, Plaintiff filed a document titled "amended complaint" and "motion for protection"
23 on June 20, 2008. This filing is not a proper motion, as it only briefly notes that it is "also a motion
24 to protect me from immaterial and irrelevant inquiries when they are not pertinate [sic]." Plaintiff
25 does not describe any efforts she made to meet and confer with opposing counsel nor lists any
26 specific discovery requests for which she seeks protection. To the extent that Plaintiff characterizes
27 this filing as a motion, it is DENIED. Plaintiff is again directed to the pro se handbook, which is
28 available on the Court's website at www.cand.uscourts.gov for direction and assistance in litigating

2

her case. In addition, Plaintiff's filing is not a proper amended complaint, because she must seek leave to amend her complaint at this stage in the litigation pursuant to Federal Rule of Procedure 15.

Dated: August 5, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE STEWART,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WINSOR HOUSE CONVALESENT HOSPITAL et al,<br><br>　　　　　Defendant._____/ | Case Number: CV08-00613 EDL<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Selene Stewart
300 Gooding Way, #343
Albany, CA 94706


Dated: August 5, 2008

　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk

　　　　　　　　　　　　　　　　　　　*Lili M Harrell*
　　　　　　　　　　　　　　　　　　　By: Lili M. Harrell, Deputy Clerk